UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKAEL A RAHEEM, | ) | CASE NO. 1:06-cv-01827 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| SONY ELECTRONICS, INC., | ) | |
| | ) | <u>REPORT AND RECOMMENDATION</u> |
| Defendant. | ) | |

This case was referred to the Magistrate Judge for pretrial supervision on September 27, 2006. Defendant, Sony Electronics, Inc. ("Defendant") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 16, 2006. (Doc. No. 7.) Plaintiff, Mikael Raheem ("Plaintiff") filed a reply brief on November 27, 2006. For the reasons set forth below, the Magistrate Judge recommends that Defendant's Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff's Complaint alleges the following facts. (Pl. Compl. at 1.) Plaintiff, an African American man, was hired as an assembler by Aerotek Commercial Staffing, a temporary staffing agency, in November 2004. (Pl. Compl. at 1.) Aerotek assigned Plaintiff to work at Defendant's facility for several days. (*Id.*) On December 1, 2004, Aerotek informed Plaintiff that Sony terminated his assignment because Plaintiff threatened a white co-worker. (*Id.*) Plaintiff admits he threatened the co-worker, but alleges he did so after the co-worker "had run into [Plaintiff]

with a tow-motor." (Pl. Compl. at 2.) Plaintiff is not aware of another employee who engaged in the same conduct for which Plaintiff was discharged. (*Id*.)

Plaintiff claims Defendant discharged him and discriminated against him on the basis of his race and seeks $300,000 in damages. (Pl. Compl. at 1-2.) As the statutory basis for his Complaint, Plaintiff's Civil Cover Sheet cites the following two statutes: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq*. (2006) and (2) 42 U.S.C. §1983 (2006).

Prior to filing the Complaint with this Court, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dated August 22, 2005. (Doc. No. 7, Sony's Motion to Dismiss, Ex. A.) On April 21, 2006, the EEOC mailed a Dismissal and Notice of Rights, informing Plaintiff that it was closing the file on Plaintiff's charge because "[a]t no time was Sony Electronics, Inc. [Plaintiff's] Employer." (Doc. 7, Sony's Motion to Dismiss, Ex. B.) The Dismissal and Notice of Rights advised Plaintiff that any lawsuit filed against Defendant based on the dismissed charge must be filed within ninety (90) days of receipt of the notice. (*Id*.)

Plaintiff filed the Complaint in the instant case on July 31, 2006. Defendant filed a Motion to Dismiss on October 16, 2006 (Doc. No. 7). Defendant filed a Motion to Transfer on October 24, 2006 (Doc. No. 9), and Plaintiff filed a Motion to Transfer on November 7, 2006 (Doc. No. 12).[1] A case management conference was scheduled for November 8, 2006, at which Plaintiff failed to appear without explanation. The Court scheduled a Show Cause Hearing and

---

[1] Pursuant to the conclusion reached in this Report and Recommendation on Defendant's Motion to Dismiss, the issue of transfer is moot.

Order in which it rescheduled the conference for November 20, 2006. (Doc. No. 13.) On November 17, 2006, the Court issued an Order further continuing the case management conference at the request of Defendant. (Doc. No. 16.) Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss on November 27, 2006 (Doc. No. 17), and Defendant filed a reply brief on November 28, 2006 (Doc. No. 18).

## II. STANDARD UNDER FED. R. CIV. P. 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *See Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III. ANALYSIS

Defendant asserts Plaintiff's Title VII claim should be dismissed for two reasons: 1) Plaintiff failed to file the instant Complaint within the ninety day limitation period, as required by 42 U.S.C. §2000e-5(f)(1) and 2) Plaintiff cannot establish a *prima facie* case of discrimination under *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). Defendant further

3

asserts that Plaintiff's §1983 claim should be dismissed because Plaintiff's Complaint fails to allege that Defendant acted under color of state law.

### A. Title VII Claim

Title VII requires that a civil action based on a charge previously filed with, and dismissed by, the EEOC, must be filed within ninety days of receipt of a Notice of Dismissal and Right to Sue from the EEOC.[2] The timing requirement, similar to a statute of limitations, is subject to estoppel, waiver, and equitable tolling. *Truitt v. County of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998). Under Sixth Circuit precedent, "notice is *given* . . . on the fifth day following the EEOC's mailing of [a right to sue letter] to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557 (6th Cir. 2000) (internal citation omitted).

Defendant asserts that Plaintiff's Complaint must be dismissed because it was filed outside the ninety-five day window. As the Notice of Dismissal and Right to Sue letter indicates that the EEOC mailed the letter on April 21, 2006, time began running from that date. Applying the presumption that Plaintiff received notice by the fifth day after the mailing, the ninety-five day period expired on July 25, 2006. Therefore, the time had already expired when Plaintiff filed the Complaint on July 31, 2006.

---

[2] 42 U.S.C. §2000e-5(f)(1) provides in relevant part, "If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."

4

The Court recognizes that the presumption that notice is received within five days of mailing is subject to rebuttal by Plaintiff, and that the time-limitation itself is subject to equitable tolling. Although Plaintiff filed a Brief in Opposition to Defendant's Motion to Dismiss, his Brief entirely fails to address Defendant's argument for dismissal on the basis of the expiration of the limitations period. Therefore, as Plaintiff has neither rebutted the presumption that he received notice within five days of the EEOC's mailing, nor argued for equitable tolling of the limitations period, Plaintiff's Complaint should be dismissed on this ground.[3]

**B. §1983 Claim**

To state a claim under 42 U.S.C. §1983, Plaintiff must plead facts in support of two elements: 1) Defendant deprived him of a right secured by the Constitution or laws of the United States and 2) Defendant acted under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

Defendant asserts that Plaintiff's §1983 claim must be dismissed for failure to state a claim because Plaintiff does not allege that Defendant, a private actor, acted under color of state law. This second element of §1983 "excludes from its reach merely private conduct, no matter discriminatory or wrongful." *Am. Mfgrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Defendant, Sony Electronics, Inc., is a private company. Plaintiff's Complaint neither alleges

---

[3]Defendant's second ground for dismissal of Plaintiff's Title VII claim is not well-taken as the Supreme Court has held that the *prima facie* case under *McDonnel Douglas* is not a pleading requirement, but an evidentiary standard. *Swierkiewicz v. Soreman*, 534 U.S. 506, 510 (2002). ("[W]e hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . ." *Id.* at 515.)

nor implies that Defendant acted under color of state law.[4]  Therefore, Plaintiff's §1983 claim should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that Defendant's Motion to Dismiss (Doc. No. 28)  be **GRANTED** and that the Complaint be **DISMISSED**.

        s/Nancy A. Vecchiarelli
        Nancy A. Vecchiarelli
        United States Magistrate Judge

Date: November 30, 2006

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice.  Failure to file objections within the specified time may waive the right to appeal the District Court's order**.  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**

---

[4]In his Brief in Opposition to Defendant's Motion to Dismiss (Doc. No. 17.), Plaintiff appears to concede that his Complaint fails to state a claim under §1983, as he states that he seeks to proceed solely under Title VII.