IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKAEL A. RAHEEM, | ) | CASE NO. 1:06 CV 1827 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | Magistrate Judge Nancy A. Vecchiarelli |
| SONY ELECTRONICS, INC., | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Document #19) recommending that the Court grant the Motion to Dismiss filed by Defendant, Sony Electronics, Inc. (Document #7).

The facts as set forth in the Complaint are as follows. Mr. Raheem was employed by a temporary staffing agency and was assigned to work at the Sony facility in Mount Pleasant, Pennsylvania. During that time, Mr. Raheem threatened a white co-worker who allegedly ran into him with a tow-motor and his assignment at the Sony facility was terminated. Mr. Raheem believes that he was terminated based upon his race, black. Mr. Raheem filed a Charge of Discrimination with the EEOC on August 22, 2005. On April 21, 2006, the EEOC mailed Mr. Raheem a Dismissal and Notice of Rights, information Mr. Raheem that it was closing the file on

his charge because Sony was not his employer. The Dismissal and Notice of Rights advised Mr. Raheem that any lawsuit filed against Sony based on the dismissed charge must be filed within ninety days of receipt of the Notice.

Mr. Raheem filed his Complaint with this Court on July 31, 2006, citing Title VII of the Civil Rights Act of 1965, as amended, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1983. Without offering any additional evidence, Mr. Raheem claims that he was discriminated against because of his race and seeks damages of $300,000.00. In addition to the facts as stated above, Mr. Raheem stated that he is unaware of any other employee who committed the same or similar offense for which he was discharged.

On October 16, 2006, Sony filed its Motion to Dismiss (Document #7). Sony asserts that Mr. Raheem's claim under Title VII should be dismissed because he failed to file his Complaint within ninety days of receiving the Notice of Rights from the EEOC. Further, Sony argues that Mr. Raheem has not established a prima facie case of discrimination and, that even if he had, there is no evidence that the reason for the termination of his assignment with Sony was pretextual. Finally, Sony argues that there is no basis for a claim under 42 U.S.C. § 1983 because there is no evidence that Sony was at any time acting under color of state law.

On November 27, 2006, Mr. Raheem filed his Brief in Opposition to Defendant's Motion to Dismiss (Document #17). On November 28, 2006, Sony filed its Reply Brief (Document #18).

On November 30, 2006, the Magistrate Judge issued her Report and Recommendation, recommending that Sony's Motion to Dismiss be granted and Mr. Raheem's Complaint be dismissed. The Magistrate Judge found that the statute of limitations on Mr. Raheem's Title VII

claim expired prior to the filing of his Complaint and that Mr. Raheem presented no evidence to rebut the presumption that he received the EEOC Notice within five days, nor did he argue for equitable tolling. Further, the Magistrate Judge agreed with Sony that the Complaint neither alleges nor implies that Sony acted under color of state law. Therefore, Mr. Raheem's claim under 42 U.S.C. § 1983 should be dismissed.

No objections were filed to the Report and Recommendation. The Report and Recommendation (Document #19) is ADOPTED by this Court.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn.* 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo. See Delgado v. Bowen.* 782 F.2d 79 (7th Cir. 1986).

## Conclusion

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, findings and conclusions of Magistrate Judge Vecchiarelli as its own. The Court here by ADOPTS the Report and Recommendation of Magistrate Judge Vecchiarelli (Document #19) in its entirety. Accordingly, the Motion to Dismiss filed by Sony (Document #7), is GRANTED. Mr. Raheem's Complaint is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

*(signature)*
DONALD C. NUGENT
United States District Judge

DATED: *December 20, 2006*